**In re Michael R. POE, Relator.**

No. 07–99–0208–CV.

Court of Appeals of Texas, Amarillo.

June 2, 1999.

Michael R. Poe, Ft. Stockton, pro se.

Ron Enns, Dumas, for respondent.

Before QUINN and REAVIS and JOHNSON, JJ.

DON H. REAVIS, Justice.

By this original proceeding, relator, inmate Michael R. Poe, proceeding *pro se* and *in forma pauperis,* filed a petition for writ of mandamus seeking to compel the Honorable Ron Enns of the 69th District Court of Dallam County to rule on a motion for injunctive relief pursuant to section 611.005(a) of the Texas Health and Safety Code Annotated (Vernon Supp. 1999). Based upon the rationale expressed herein, we must deny relator's petition.

Relator has filed with this Court copies of a motion for injunctive relief, a proposed order, and a letter to the Dallam County District Clerk requesting that the mentioned items be filed. However, the documents do not reference a cause number or contain any file stamp by the district clerk. Relator avers in his petition that he was counseled by Mark S. Britain, M.Ed. L.P.C., between 1995 and 1997, in connection with a crime he committed, and that because of Britain's accusations, his probation was revoked. Relator also contends he is in the process of filing a civil suit against Britain in federal court, a grievance with the "Board of Licensed Counselors," and a writ of habeas corpus. According to the papers filed with this Court, on January 20, 1998, relator requested several "articles of paperwork" from Britain in order to proceed with his lawsuit, and according to relator, on September 10, 1998, some, but not all of the requested records were provided to him. Relator alleges that Britain omitted important records which he contends would demonstrate malpractice and improper disclosure of medical information on Britain's part and asks this Court to compel the Honorable Ron Enns to rule on his motion for injunctive relief against Britain.

Section 611.005(a) creates a remedy for the failure of a "professional"[1] to disclose confidential communications or records. Among other remedies, an aggrieved person may petition the district court of the county in which the person resides for injunctive relief; however, the statute does not authorize a district judge to issue an injunction against a "professional" without citation and notice to the "professional." Tex. Health & Safety Code Ann. § 611.005(a) (Vernon Supp. 1999). Rule 686 of the Texas Rules of Civil Procedure provides that when a petition for injunction is filed and the petition is not ancillary to an action then pending in that court, the clerk of the court shall

---

1. *See* Tex. Health & Safety Code Ann. § 611.001 (Vernon 1992).

issue a citation and cause it to be served on the defendant and returned as in other civil cases. Also, Rule 681 of the Texas Rules of Civil Procedure provides that no temporary injunction shall issue without notice to the adverse party. Because nothing in the record before us demonstrates that citation was issued and served upon Britain in accordance with Rule 686, and that any notice was served on Britain as required by Rule 681, relator has not demonstrated that his motion for injunctive relief was properly before the district judge.

Moreover, regarding relator's claim that the requested documents are necessary for his future suit to be filed in federal court, we note that mandamus is an extraordinary remedy, available only in limited circumstances. Walker v. Packer, 827 S.W.2d 833, 840 (Tex.1992). A writ of mandamus will issue only in situations involving manifest and urgent necessity and not for grievances that may be addressed by other remedies. *Id.* Relator has failed to demonstrate that he is without a clear and adequate remedy at law.

Accordingly, the petition for writ of mandamus is denied.